IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

FEBRUARY 1998 SESSION



FILED

**March 26, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

ANTHONY CICCHETTO,           )
                             )        No. 02-C-01-9706-CR-00210
            APPELLANT,       )
                             )        Shelby County
v.                           )
                             )        Honorable W. Fred Axley, Judge
STATE OF TENNESSEE,          )
                             )        (Post-Conviction Relief)
            APPELLEE.        )


FOR THE APPELLANT:                  FOR THE APPELLEE:

William W. Nowlin                   John Knox Walkup
Attorney at Law                     Attorney General & Reporter
100 North Main Building             425 Fifth Avenue, North
Suite 3201                          Nashville, TN  37243-0493
Memphis, TN  38103
                                    Georgia B. Felner
                                    Counsel for the State
                                    425 Fifth Avenue, North
                                    Nashville, TN  37243-0493

                                    William L. Gibbons
                                    District Attorney General
                                    201 Poplar Avenue, Suite 3-01
                                    Memphis, TN  38103

                                    Rhea Clift
                                    Assistant District Attorney General
                                    201 Poplar Avenue, Suite 3-01
                                    Memphis, TN  38103


OPINION FILED: _____


AFFIRMED PURSUANT TO RULE 20


Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Anthony Cicchetto (petitioner), appeals as of right from a judgment of the trial court dismissing his post-conviction action after an evidentiary hearing.[1] The trial court found the petitioner was afforded his constitutional right to the effective assistance of counsel; and the petitioner's guilty pleas passed constitutional muster. In this court, the petitioner contends the evidence contained in the record preponderates against the trial court's findings of fact. After a thorough review of the record, the briefs submitted by the parties, and the law governing the issue presented for review, it is the opinion of this court the judgment of the trial court should be affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals.

The petitioner was required to establish the grounds litigated by "clear and convincing" evidence. Tenn. Code Ann. § 40-30-210(f). Thus, the petitioner was required to prove by clear and convincing evidence (a) the services rendered or advice given by counsel fell below "the range of competence demanded of attorneys in criminal cases," Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975) and (b) the unprofessional conduct of counsel enured to the prejudice of the petitioner. Williams v. State, 599 S.W.2d 276, 279 (Tenn. Crim. App.), per. app. denied (Tenn. 1980). The United States Supreme Court adopted this two-prong standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court extended these same standards to cases where the petitioner entered a plea of guilty. In Hill, the prejudice prong was modified to require the petitioner to prove "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59, 106 S.Ct. at 370.

In this case, the petitioner failed to establish the grounds asserted by clear and convincing evidence. Moreover, assuming arguendo, the petitioner proved counsel's representation was deficient, he certainly did not establish how he was prejudiced. Finally, the evidence contained in the record does not preponderate against the trial court's

---

[1] Pursuant to a plea bargain agreement, the petitioner entered pleas of guilty to rape and was sentenced to serve eight (8) years, sexual battery and was sentenced to serve two (2) years, and forgery and was sentenced to serve two (2) years. The sentences are to be served concurrently.

findings of fact.  Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).


_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
THOMAS T. WOODALL, JUDGE